UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARSHA LIVELY AND BOB LIVELY     CIVIL ACTION NO. 5:08-cv-0226

VERSUS

ELDORADO CASINO SHREVEPORT     MAGISTRATE JUDGE HORNSBY
JOINT VENTURE

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Doc. 44) filed by Defendant Eldorado Resort Casino Shreveport ("Eldorado"). For the following reasons, Eldorado's Motion for Summary Judgment is granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This is a suit for personal injuries allegedly sustained when Marsha Lively tripped and fell on the sidewalk in front of Eldorado's casino in Shreveport. The Livelys allege that the accident was caused by Eldorado's negligence in failing to properly maintain the sidewalk and give notice of its condition.[1]

**II.   TIMELINESS OF ELDORADO'S MOTION FOR SUMMARY JUDGMENT**

The Livelys' argue that Eldorado's Motion for Summary Judgment was filed untimely and should be denied. The deadline set forth in the Scheduling Order for dispositive motions

---

[1] In their Complaint, the Livelys also allege that Eldorado is liable under a theory of strict liability (Doc. 1, ¶ 8). Since the enactment of LA. CIV. CODE art. 2317.1, however, strict liability no longer applies in cases of custodial liability in Louisiana. See e.g., Wright v. Schindler Elevator Corp., No. 08-1331, 2009 WL 2956830 (W.D. La., Sept. 14, 2009).

was June 12, 2009. Doc. 30. Eldorado did not file its Motion for Summary Judgment until August 3, 2009, well after the deadline. Eldorado argues that its motion should not be denied because discovery was extended in this case beyond the dispositive motion deadline.

While Eldorado's motion was filed late, the Court finds that considering the motion will not unduly prejudice the Livelys. Discovery is closely tied to exposing issues of material fact necessary to survive summary judgment motions, and discovery was extended to August 28, 2009, at the request of the Livelys (See Doc. 42). Therefore, the Court will consider Eldorado's Motion for Summary Judgment despite its untimely filing.[2]

### III.  LAW AND ANALYSIS

#### A.  Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The moving party bears the initial burden of identifying portions of the record which highlight the absence of genuine issues of material fact. Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007). The nonmovant then must point to or produce specific facts demonstrating that there is a genuine issue of material fact. Id. All facts and inferences are construed in the light most favorable to the nonmovant. E.E.O.C. v. Chevron Phillips Chemical Co., LP, 570 F.3d 606, 616 (5th Cir. 2009). A fact is "material" if proof of its

---

[2] Counsel for Eldorado is cautioned that, in the future, they should move for an extension of the dispositive motion deadline prior to the expiration of the deadline.

existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id.

### B. Analysis

The Livelys argue that Eldorado is liable to them pursuant to LA. CIV. CODE art. 2317.1, which provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

To be considered a "defect" within the meaning of this statute, the imperfection must "pose an unreasonable risk of injury to persons exercising ordinary care and prudence." Moore v. Oak Meadows Apartments, 43,620, p.6 (La. App. 2 Cir. 10/22/08); 997 So.2d 594, 598. The fact that a pedestrian fell does not "automatically" indicate an unreasonably dangerous defect or condition. Id.

There is no fixed rule courts use to determine whether a thing presents an unreasonable risk of harm. McCoy v. Liberty Mut. Life Ins. Co., 42,118, p.5 (La. App. 2 Cir. 5/9/07); 956 So.2d 802, 806. In making this determination, Louisiana courts look to myriad factual considerations. Moore, 43,620, p. 7; 997 So.2d at 599. The considerations differ

from case to case, and cannot be applied mechanically. Id. Factors considered include the claims and interests of the parties; the probability of the risk occurring; the gravity of the consequences; the burden of adequate precautions; individual and societal rights and obligations; and the social utility involved. McCoy, 42,118, p.5; 956 So.2d at 806.

Eldorado argues that the Livelys have not offered competent summary judgment evidence that the sidewalk presented an unreasonable risk of harm. Noting the open nature of the area and that Martha Lively admits there was sufficient light for her to see where she was going, Eldorado points to Louisiana case law stating that where a dangerous condition is obvious to all and easily avoidable, the risk is not unreasonable (Doc. 44-3, pp. 6-7). Eldorado also points to cases in which courts have specifically found that uneven walkways with minor discrepancies in height are not unreasonably dangerous. *See* Doc. No. 44-3, pp. 8-9, citing Summerville v. Louisiana Nursery Outlet, Inc., 95-2224 (La. App. 1 Cir. 6/28/96); 676 So.2d 238 and McCormick v. Insured Lloyds Ins. Co., et al, 85-628 (La. App. 3 Cir. 5/16/86); 488 So.2d 491. In response, the Livelys contend that Eldorado misrepresents the evidence and that there are genuine issues of material fact with regard to the condition of the sidewalk and the obviousness of the risk.

Eldorado's Motion for Summary Judgment relies heavily on Summerville for its assertion that the alleged discrepancy in the height of the sidewalk at issue does not constitute an unreasonable risk of harm under Louisiana law. (Doc. 44-3, pp. 9-12). In Summerville, the court listed the small height discrepancy as merely one of many factors that led it to

conclude the sidewalk in that case did not present an unreasonable risk of harm, noting in particular that had the depression been in a different location, the outcome of the case might have been different. 95-2224, p.4-5; 676 So.2d at 241. In fact, at least one court has distinguished Summerville where circumstances made the discrepancy in height less obvious. See Williams v. City of Baton Rouge, 2002-0682 (La. App. 1 Cir. 3/28/03); 844 So.2d 360 (plant growth partially obscured the height discrepancy). Thus, the court must look to more than just the height discrepancy to decide whether there was an unreasonably dangerous defect.

The key factual considerations material to the Court's determination of whether the uneven sidewalk constituted an unreasonable risk of harm are not in dispute. The area of sidewalk where Martha Lively fell was lighted enough that she felt safe and could see where she was going (Doc. 53, Lively Deposition, p. 18). The photographs submitted by the parties show that there was nothing hiding or covering up this area of sidewalk. (Doc. 44-4, Exhibits 2(b) and (c)). The photographs also show that the discrepancy in height between the cement squares and brick pavers was less than one inch. (Doc. 44-4, Exhibit 2(a); Doc. 53, Photographs, Exhibit 1). Martha Lively had walked this area of sidewalk before without falling, (Doc. 53, Lively Deposition, pp. 37-38), and she had at least one alcoholic beverage before this incident. (Doc. 53, Lively Deposition, p. 34). There is heavy foot traffic in the area where Plaintiff fell, and there was only one other reported fall – on the

*othe*r side the street in front of the casino – before Plaintiff's accident. (Doc 53-4, McKay Deposition, p. 8).

The Livelys have not come forward with any evidence that establishes a genuine issues of material fact regarding whether the sidewalk presented an unreasonable risk of harm. Although Martha Lively states in her deposition that the area was not "brightly lit," the time of her fall was late evening, and it was dark, she admits that there was enough light in the area for her to see where she was going (Doc. 53, Lively Deposition, p. 18). Martha Lively's description of the height discrepancy as only a "guesstimate" (Doc. 53, Lively Deposition, p. 20) does not create a genuine issue of material fact where the photographs show the height discrepancy was less than an inch on a portion of the walkway where there was an obvious transition from concrete to brick pavers that would be readily visible to all pedestrians.

No reasonable finder of fact could conclude, based on the summary judgment evidence presented to this court, that the sidewalk was defective under Louisiana law. Accordingly, the Court finds that there are no genuine issues of material fact and that Eldorado is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Eldorado's Motion for Summary Judgment (Doc. 44) is **granted**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 6th day of October, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE